UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:19CR00339 AGF (JMB) |
| | ) |
| JORGE ALEXANDER BETANCES, JR., | ) |
| | ) |
| Defendant. | ) |

# ORDER

This matter is before the Court on the Defendant's pretrial motion.  All pretrial motions were referred to United States Magistrate Judge John M. Bodenhausen under 28 U.S.C. § 636(b).  Defendant Jorge Alexander Betances, Jr. filed a Motion to Suppress Evidence and Statements.  (Doc. No. 44).  Defendant is charged by Indictment with one count of Possession of Device Making equipment, in violation of 18 U.S.C. § 1929(a)(4), (b)(1), (c)(1)(A)(ii) and 2, arising out of a traffic stop on or about April 22, 2019.  (Doc. No. 19).

In his motion to suppress, Defendant asserts that the traffic stop was improperly prolonged.  Specifically, Defendant "objects to the [Magistrate Judge's] conclusion that Officer Crivello's taking Betances to his car to question him and then separately questioning the passenger prior to the search was part of a traffic stop (See Report and Recommendations, p. 8-9)."  (Doc. No. 69, at 1).  The motion seeks to suppress evidence obtained from a consent search as well as statements made by Defendant,

because he contends both were obtained during and as a result of the prolonged traffic stop.[1]

Judge Bodenhausen held an evidentiary hearing on January 24, 2020, at which Sergeant Carmilo Crivello testified and was subject to cross-examination.  Sgt. Crivello has been a law enforcement officer, specializing in interdiction for more than 27 years.  At the time of the events, he had been with the Phelps County Sheriff's Department for over nineteen years, and had served as task force officer with the Drug Enforcement Agency for approximately six years.  Following the filing of a transcript of the hearing, the parties submitted post-hearing briefs, and Judge Bodenhausen issued a Report and Recommendation ("R&R"), recommending that Defendant's motion to suppress be denied.  (Doc. No. 67.)

Defendant filed objections to the R&R, raising only a single objection.  He challenges only the Magistrate Judge's "conclusion that Officer Crivello's taking Betances to his car to question him and then separately questioning the passenger prior to the search was part of a traffic stop."  (Doc. No. 69).  He contends that the officer's actions were unrelated to the traffic stop, and instead deviated almost immediately into a drug interdiction based on nothing more than a hunch.  Defendant does not challenge any of the extensive factual findings in the R&R.  The Government responded to the Objections.

---

[1] Defendant does not independently challenge Defendant's consent to search the vehicle, but rather challenges the consent search due to its temporal proximity to what he asserts was an illegal detention.  (Doc. No. 65, at 7).  There was also a second interview the next day and some search warrants executed, none of which were raised in Defendant's motion to suppress.  (Hearing Tr., Doc. No. 60, at 3).

When a party objects to a Report and Recommendation concerning a motion to suppress in a criminal case, the Court is required to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)).

The Court conducted a *de novo* review of the motion to suppress, including a review of the transcript of the hearing and the exhibits introduced at the hearing. Based on that review, the undersigned concludes that the Magistrate Judge made proper factual findings and correctly concluded that the actions by Sgt. Crivello did not improperly exceed the scope of the traffic stop before requesting consent to search.

The case law is clear. Several years after *Rodriguez v. United States,* 575 U.S. 348 (2015), the Eighth Circuit rejected the very argument made by Defendant and held, "[o]nce the officer makes the traffic stop, the officer may lawfully check the driver's license and registration, ask the driver about his destination and purpose, and request that the driver sit inside the patrol car." *United States v. Espinoza*, 885 F.3d 516, 523 (8th Cir. 2018). Thus it was permissible for Sgt. Crivello to take Defendant into his vehicle to check his documentation, do a computer check for warrants, and inquire about his destination and purpose. The officer was also permitted to verify the information provided and ask similar routine questions of the passenger. *United States v. Ward*, 484 F.3d 1059, 1061 (8th Cir. 2007) (collecting cases). This is especially so here, as Defendant's statement regarding his destination and purpose seemed implausible, and the car was a rental vehicle, and was not rented to either Defendant or his passenger. In any

3

event, although the traffic stop still had not yet been completed when the officer questioned the passenger, by that time – if not before – he had reasonable suspicion, based on articulable facts, to prolong the stop long enough to request consent to search. That Sgt. Crivello may also have subjectively suspected criminal activity was afoot early on during the stop does not render the stop unconstitutional. *United States v. Hambrick*, 630 F.3d 742, 746 (8th Cir. 2011).

Thus, after careful and independent consideration, the Court will overrule Defendant's Objections, and will adopt and sustain the thorough reasoning of Magistrate Judge Bodenhausen set forth in support of his recommended ruling.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge [ECF No. 67] is **SUSTAINED, ADOPTED, AND INCORPORATED** herein.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Evidence and Statements [Doc. No. 44] is **DENIED**.

A scheduling hearing will be set by the Court to address the trial setting in this matter.

*[signature]*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 16th day of June, 2020.